FILED'06 FEB 02 12:44USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRECTV, INC., a California corporation,

        Plaintiff,

v.

JOHN NIKOM, et al.,

        Defendants.

Civ. No. 03-6369-HO

ORDER

Plaintiff moves for default judgment against defendant Ronald Prentice, pursuant to Fed.R.Civ.P. 55(b), for entry of a permanent injunction, and for attorney fees and costs. The court previously allowed plaintiff's motion for entry of default against Prentice. See Order dated August 8, 2004.

### Discussion

Upon default, the factual allegations of the complaint are generally taken as true, except the allegations relating to

damages. <u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987). The court is not required to make detailed findings regarding liability. <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 889, 906 (9th Cir. 2002). The complaint alleges that Prentice purchased a "pirate access device" consisting of three "Boot Loader Boards," using interstate or foreign wire facilities and the Postal Service or commercial mail carriers. Complaint, ¶ 8. The complaint further alleges defendants (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), (2) imported or caused to be imported, manufactured, assembled, modified, sold or distributed signal theft devices, knowing or having reason to know that the design of such devices render them primarily for the unauthorized decryption of DIRECTV's satellite transmissions of television programming, or intended to assist other persons in the unauthorized reception of DIRECTV's satellite transmission of television programming, in violation of 47 U.S.C. § 605(e)(4); and (3) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices in violation of 18 U.S.C. § 2511(1)(a).[1]

---

[1] Plaintiff withdraws the fourth claim for violation of 18 U.S.C. § 2512(1)(b).

2 - ORDER

Complaint at 5-7. Based on these allegations, the court finds Prentice liable on plaintiff's first, second and third claims alleging violations of 47 U.S.C. § 605(a), 47 U.S.C. § 605(e)(4) and 18 U.S.C. § 2511(1)(a), respectively.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In this case, resolution on the merits is not possible, because Prentice has not appeared; the allegations of the first, second and third claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Prentice's non-appearance; and nothing suggests Prentice's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a), the court may grant an injunction on such terms it deems just to restrain future violations of Section 605(a). 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Prentice is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605(a), and (2) intercepting, endeavoring to intercept, or

procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $10,000 for violations of 47 U.S.C. § 605(a), 47 U.S.C. § 605(e)(4) and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) may recover statutory damages of not less than $1,000, or more than $10,000 for each violation as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). A party aggrieved by violation of Section 605(e)(4) may recover not less than $10,000 and not more than $100,000, as the court considers just. In a civil action, the court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so, it must award the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520(c)(2).

According to plaintiff's witness and documentary evidence, Prentice subscribed to DIRECTV beginning on October 10, 1997, at which time he would have received all hardware needed to receive DIRECTV's encrypted programming, Prentice ordered approximately 70 pay-per-view programs between that date and February 26, 1999, Prentice's account was disconnected on October 30, 1999, a bootloader allows use of a DIRECTV access card previously disabled by DIRECTV's electronic anti-piracy measures, DIRECTV released an anti-piracy measure known as "Black Sunday" in

January 2001, Prentice ordered bootloaders on or about September 5, 2001, and a process server observed a satellite dish on Prentice's residence in January 2004. Sichler Decl., ¶¶ 29-31, exs. 1-3.

Plaintiff argues that Prentice's decision not to order pay-per-view programming after February 26, 1999 and his September 2001 purchase of bootloaders prove that Prentice obtained an illegally modified access card sometime before he decided to cease ordering pay-per-view programming.

Plaintiff argues that "strong inferences from this circumstantial evidence prove that it is more likely than not that Prentice pirated DIRECTV from February 1999 through January 2004," and that the evidence further establishes that Prentice assembled at least one pirate access device in order to modify another by inserting his bootloader into his DIRECTV receiver to reactivate his illegally modified access card. Pl's Memo. at 9. Of course it is also possible on this record that Prentice did not intercept plaintiff's programming without authorization, did not possess or use an illegally modified access card and did not assemble or modify pirate access devices. Based on the possibility, the court, in its discretion, declines to award statutory damages.

The court finds that plaintiff is entitled to an award of reasonable attorneys' fees and costs. 47 U.S.C. §

605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary). Plaintiff seeks attorneys' fees in the amount of $3,386.10, and costs in the amount of $390.37. Plaintiff submitted detailed documentation of attorney time expended. Smith Decl., Ex. 1. The award is based on hourly rates of $250 for Portland attorneys Long and Smith, admitted to practice in 1992 and 1991, respectively, and $180 for Portland attorney Tarbox, admitted in 1999. The rates are somewhat higher than average rates for Portland attorneys with similar experience reported in the 2002 Oregon State Bar Economic Survey (13-15 years = $189, 10-12 years = $187, 4-6 years = $165). The higher rates are justified to compensate for inflation, and because plaintiff's attorneys have significant experience litigating the claims at issue. According to plaintiff, its attorneys have filed 52 lawsuits against 190 defendants on it's behalf. The court is handling several of these cases, and has observed that the claims are similar in many of the cases with which the court is familiar. The court finds the requested rates to be reasonable.

The court finds the number of hours expended to be reasonable, except for time expended in pursuit of plaintiff's unsuccessful motion to stay proceedings. The court therefore disallows the following time entries on exhibit 1 to the Smith declaration, and determines the fee award as follows.

For attorney Smith,

```
03/02/2005          .3  hr
03/03/2005          .2  hr
03/08/2005          .1  hr
03/09/2005          .2  hr
03/10/2005          .1  hr
03/14/2005          .2  hr
03/15/2005          .1  hr
                   1.1  hr (* $250/hr = $275)
```

For paralegal Zochert, .5 hr (* $55/hr$^2$ = $27.50). The court disallows these hours, for which plaintiff was charged $302.50. The court finds that $3,083.60 is a reasonable fee award for prosecuting this case to default judgment, and awards this amount.

The cost bill reflects costs expended for the filing fee, process server, subpoena service fee, records search, photocopies, telephone charges, and facsimile charges. The costs appear reasonable and are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#41] and motion for attorney fees and costs [#44] relating to defendant Ronald Prentice are granted to the extent provided herein.

Ronald Prentice is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting,

---

[2]Plaintiff is advised of discrepancies between the Smith declaration and billing documentation, and within the billing documentation, concerning the hourly rates charged for work performed by paralegals Karnopp, McCarthy, Ehlert and Zochert.

7 - ORDER

divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against Ronald Prentice. The judgment shall provide that plaintiff shall take no damages on its claims, and that plaintiff shall recover from Ronald Prentice $390.37 in costs, and $3,083.60 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.
DATED this 2nd day of Feb, 2006.

_____
Michael R. Hogan
United States District Judge